IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs December 6, 2001

## GLEN TUCKER d/b/a GLEN TUCKER CONSTRUCTION v. STEVE HOWELL, ET AL.

**A Direct Appeal from the Chancery Court for Decatur County**
**No. 3000     The Honorable Ron E. Harmon, Chancellor**

_____

**No. W2001-00999-COA-R3-CV - Filed March 14, 2002**

_____

Plaintiff home owner sued defendant construction company for damages resulting from defendant's failure to complete construction of plaintiffs' home. The Chancery Court of Decatur County, Tennessee entered judgment in favor of the plaintiffs in the amount of $17,057.00. Defendant has appealed. We dismiss the appeal.


**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Carthel L. Smith, Jr., Lexington, For Appellant, Glen Tucker

Edwin Townsend, Jr., Parsons, For Appellees, Steve and Lisa Howell


_____ **MEMORANDUM OPINION**[1]

On March 26, 1999, plaintiffs, Steve Howell and Lisa Howell (hereinafter "the Howells"), filed their complaint for breach of contract against the defendant, Glen Tucker d/b/a Glen Tucker Construction (hereinafter "Tucker"). The complaint alleges that on or about March 28, 1998, the Howells entered into a contract with Tucker for the construction of a home upon the property owned by the Howells for a contract price of $150,000.00. The complaint also alleges that the Howells have

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

paid Tucker the total amount of $150,000.00 for the construction of their new home and that Tucker has breached the contract by failing and refusing to complete the construction of the home.

On November 4, 1999, Tucker filed an answer to the complaint denying any breach of the contract entered into between the parties. Tucker asserts that the Howells' actions justified Tucker's failure to complete the construction of the new home, because the Howells failed to pay for extras and modifications as agreed, and he treated this action as a rescission of the contract.

On March 13, 2001, the trial court heard the matter and filed its judgment on March 26, 2001, for the Howells in the amount of $17,057.00. On April 24, 2001, Tucker timely filed a "Notice of Appeal" which provides:

> Notice is hereby given that the Defendant, Glen Tucker D/B/A Glen Tucker Construction, hereby appeals to the Court of Appeals for the State of Tennessee from the "Finding of Facts and Conclusion of Law" entered in this case by Chancellor Ron E. Harmon on March 25, 2001, with respect only to the Counter-Claim against the Plaintiffs, to the extent that said "Finding of Facts and Conclusion of Law" is part of the record in this cause and deemed a final judgment.

> If the "Finding of Facts and Conclusion of Law" entered March 25, 2001, is not deemed a final judgment from which Defendant is entitled to appeal, Defendant request (sic) that the Court treat this Notice of Appeal as premature under Tenn. R. App. P. 4(d), until a Final Judgment has been submitted by Plaintiffs and entered by the Court.

We first point out that there is no counter-claim in the record of this cause and therefore, the judgment of the trial court filed on March 26, 2001, is a final judgment pursuant to Tenn. R. App. P. 3. In fact, Tucker concedes in his brief that the Chancellor's judgment for the Howells in the amount of $17,057.00 is a final judgment. Furthermore, there is no "Finding of Facts and Conclusion of Law" dated March 25, 2001 in the record of this cause as suggested by Tucker in his "Notice of Appeal."

Rule 3 of the Tennessee Rules of Appellate Procedure provides in pertinent part:

> (a) Availability of Appeal as of Right in Civil Actions. In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. . . .

> \* \* \*

> (f) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal, shall designate the judgment from

which relief is sought, and shall name the court to which the appeal is taken. . . .

Tenn. R. App. P. 3(a) and (f).  Rule 4 of the same rules provides in pertinent part:

> (a) Generally.  In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . .

Tenn. R. App. P. 4(a).

According to the "Notice of Appeal" filed in the present case, Tucker is appealing from the "Finding of Facts and Conclusion of Law" entered on March 25, 2001.  However, this document is not contained in the record of this cause and, although the trial court judge made findings from the bench used in determining his decision, those findings are not considered a final judgment.

This case is governed by this Court's previous decision, ***In re Estate of Pennington***, No. B-15821, 1991 WL 102679 (Tenn. Ct. App. 1991), involving an appeal from the "findings of the court" and not from the final judgment itself.  Judge Tomlin, writing for the Court, stated that the trial court's findings constituted only the opinion of the trial court upon which it based its judgment.  ***Id***. at **3. This Court noted that "[a]n opinion is not itself a judgment" and, in dismissing the appeal, held that the procedure of seeking a reversal of the findings of the court, while at the same time not seeking to have the judgment of the court set aside, is "non-existent in the courts of this state."  ***Id***. at **2 and **3.

Tucker further provides in his "Notice of Appeal" that "[i]f the 'Finding of Facts and Conclusion of Law' entered March 25, 2001, is not deemed a final judgment from which Defendant is entitled to appeal, Defendant request (sic) that the Court treat this Notice of Appeal as premature under Tenn. R. App. P. 4(d), until a Final Judgment has been submitted by Plaintiffs and entered by the Court."  However, when Tucker filed his "Notice of Appeal" an appealable judgment had been entered in the trial court.  Although Tucker timely filed his "Notice of Appeal", according to the express language contained therein, no attempt was made to appeal from the final judgment itself. After thirty days following the entry of the trial court's judgment, the judgment became final with no appeal being taken.  ***See*** Tenn. R. App. P. 4(a).

We find that no proper appeal was taken to this Court pursuant to Tenn. R. App. P. 3. Therefore, there is nothing for this Court to consider.  Accordingly, the appeal is dismissed.  Costs of the appeal are assessed against Glen Tucker d/b/a Glen Tucker Construction and his surety.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.